# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

WILLIAM HAMILTON, Respondent, v. GEORGE M. PENNEY, Impleaded, etc., Appellant.

*Attachment — what statement of the amount due is sufficient — an action upon a note and to foreclose securities held as collateral thereto, is an action for money only — Code of Civil Procedure, sec. 635.*

APPEAL from an order made at a Special Term, denying a motion made on behalf of the above-named defendant to vacate an attachment issued in this action.

The plaintiff commenced an action against this defendant and another person, in which he sought to recover the sum of $750 alleged to be due on a certain promissory note for $1,000, made by this defendant, and also to foreclose the outstanding interests in certain collateral security in said complaint described.

The affidavit upon which the attachment issued stated, among other things, " that the above-named defendant Pinney is indebted to the above-named plaintiff in the sum of $1,000, with interest from February 6, 1882, which amount plaintiff is entitled to recover from defendant, over and above all counter-claims known to plaintiff."

The court at General Term said: " The affidavit upon which the attachment was issued is sufficient. The Code simply requires that the plaintiff shall make oath that he is entitled to recover a sum therein stated over and above all counter-claims known to him. This averment is fully made and the complaint states that the claim is upon a note made and indorsed by the defendants for the sum to which plaintiff is entitled, and which note is wholly unpaid. The demand for a less judgment than that to which plaintiff is entitled by the averments in his complaint is of no importance. A complaint is not to be judged by the demand for relief except in cases where no answer is put in. The action is one for the recovery

of money only. The complaint sets out a note for $1,000; that defendant Penney is maker and defendant Mureau is indorser; that the note is due and wholly unpaid; that the defendants transferred with the note to the plaintiff certain mining stocks as collateral to the payment thereof; that the stock has no place upon the stock exchanges, and has therefore no quotation of its value. In addition to the demand for judgment the plaintiff asks that this stock be sold and the proceeds applied upon the judgment. This averment is no part of the cause of action. It is just and fair that the defendants have the benefit of the collaterial security. The rule of law in such cases gives the right to have the collaterial applied upon the claim without the plaintiff's offer. It is not material whether the application of the collateral be made before judgment for the money amount due or afterwards. If made before it reduces the judgment; if after it pays the judgment so far as it goes. The acknowledgment that the plaintiff holds collateral which he wishes to have sold to apply upon the judgment does not therefore make the claim other than a claim for money only."

*J. Thain Easton*, for the appellant.

*B. E. Valentine*, for the respondent.

Opinion by BARNARD, P. J.; DYKMAN, J., concurred; CULLEN, J., not sitting.

Order refusing to vacate attachment affirmed, with costs and disbursements.